<u>NOT FOR PUBLICATION</u>                              [Doc. Entry No. 11]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____    :
                                   :
CRAIG BISHOP,                      :
                                   :
           Plaintiff,              :   Civil Action No. 05-5532 (RMB)
                                   :
      v.                           :   **OPINION**
                                   :
N.J. DEPT. OF                      :
CORRECTIONS, et al.,               :
                                   :
           Defendants.             :
_____    :

Appearances:

   Craig Bishop
   #500542
   Southwoods State Prison
   215 Burlington Road South
   Bridgeton, NJ 0830
        Plaintiff, <u>pro</u> <u>se</u>

   Keith S. Massey, Jr.
   Office of the N.J. Attorney General
   Department of Law & Public Safety
   Division of Law
   25 Market St.
   P.O. Box 112
   Trenton, NJ 08625
        Attorney for Defendant, Kathy McFarland

**BUMB**, United States District Judge:

   This matter comes before the Court upon a motion to dismiss by Defendant Kathryn MacFarland, Administrator of South Woods

1

State Prison.[1]  Plaintiff, Craig Bishop, an inmate of South Woods State Prison, has filed a complaint under 42 U.S.C. § 1983 alleging Defendant violated his constitutional rights.  Defendant moves to dismiss the Complaint on the grounds that there is no vicarious liability under § 1983, and that Plaintiff has failed to state a claim.  For the reasons discussed below, Defendant's motion to dismiss the Complaint will be denied.

I.   Standard

"Dismissal of a complaint pursuant to Rule 12(b)(6) is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  Hackensack Riverkeeper, Inc. v. Del. Ostego Corp., 450 F. Supp. 2d 467, 484 (D.N.J. 2006) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).  The allegations contained in the complaint will be accepted as true.  Cruz v. Beto, 405 U.S. 319, 322 (1972).  Plaintiff will also be "given the benefit of every favorable inference that can be drawn from those allegations."  Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991).  However, the plaintiff must make factual allegations and cannot rely on "conclusory recitations of law."  Pennsylvania

---

[1] Defendant MacFarland is pled as "Kathy McFarland" but will be referred to as "Kathryn MacFarland," having been so identified in the motion to dismiss.

ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 179 (3d Cir. 1988).

The Court is mindful that pro se litigants' pleadings are held to a more liberal standing. Pro se complaints in particular should be construed so as to do substantial justice; a short plain statement is often all that is required. Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004). It bears repeating, dismissal is appropriate only where it appears that no set of facts would entitle plaintiff to relief. Id. at 233.

II. Statement of Facts

Plaintiff, Craig Bishop ("Bishop"), is currently confined at the South Woods State Prison ("SWSP") in Bridgeton, New Jersey. On or about November 22, 2005, he submitted a Complaint alleging that defendants, New Jersey Department of Corrections; South Woods State Prison; and Kathyrn MacFarland ("MacFarland"), Administrator at SWSP, violated his constitutional rights by discriminating against him on the basis of his religion, and denying him religious freedom.

Specifically, Plaintiff alleges that Muslims are denied hot meals during Ramadan, a holiday that requires fasting until after sunset. In order to eat during Ramadan, the Muslim inmates are compelled to accept their meals before sundown, when the other inmates are served their meals. The Muslim inmates will then leave the meals in their cells until sundown when they could be

3

consumed. This resulted in the meals becoming cold making the fish, poultry and other foods unsafe to eat. Next, plaintiff contends that Muslims are denied congregation for religious services and Jumu'ah prayer. Finally, plaintiff alleges that he and other Muslims are subjected to bigotry, harassment and discrimination based on their Muslim faith. He states that all other inmates of different religious affiliations are not treated similarly.

Bishop asserts that Defendants have violated his First Amendment right to freedom of religious exercise. He also asserts that he has been denied his right to equal protection as guaranteed under the Fourteenth Amendment. Bishop seeks injunctive relief and money damages.

This Court screened Plaintiff's Complaint under 28 U.S.C. 1915A and section 803 of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. 1997e. Those statutes require the Court to dismiss on its own motion any prisoner complaint that is, <u>inter alia</u>, frivolous, asserted against a party immune from suit, or a challenge to prison conditions brought prior to exhausting administrative remedies. Any claim for which their could exist a set of facts that would entitle the plaintiff to relief, <u>Alston</u>, 363 F.3d at 233, is allowed to proceed. Having screened the Complaint, this Court, by Order of April 10, 2006, issued by the Honorable Jerome B. Simandle, dismissed all Defendants save Kathyrn MacFarland. [No. 2]. Implicit in this Order is the

Court's conclusion that Plaintiff stated a claim against MacFarland for which a set of facts could exist that would entitle Plaintiff to relief.  See Alston, 363 F.3d at 233.

Defendant was served with a summons on April 12, 2006. After twice moving for an extension of time to file an answer, [Nos. 6 & 9], Defendant moved to dismiss in lieu of an answer for failure to state a claim.  [No. 11].

III. Analysis

MacFarland argues that Plaintiff failed to allege her personal involvement.  Further, she argues that serving cold meals does not violate a constitutional right.  Finally, MacFarland seeks to dismiss Plaintiff's claim for mental anguish as barred by the PLRA, 42 U.S.C. 1997e(e).  For the reasons discussed below, Defendant's first two arguments will be rejected.  As to the claim for mental anguish, this claim will be dismissed without prejudice.

Defendant contends that Bishop failed to allege that Defendant had any personal involvement in the alleged violations of his constitutional rights.  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d

5

Cir. 1990). A supervisor has personal involvement in an employee's acts if, the act is the implementation of a statement issued by the supervisor, the supervisor commits the act herself, or the supervisor fails to act to control the employees and it can be said the supervisor was deliberately indifferent to the consequences of the employees' acts. <u>Natale v. Camden County Correctional Facility</u>, 318 F.3d 575, 584 (3d Cir. 2003). While civil rights claims cannot be predicated merely on a theory of <u>respondeat superior</u>, there are multiple factual scenarios that would support finding a supervisor liable for violations committed by subordinates.

In his Complaint, Plaintiff alleges that MacFarland is responsible for the prison's failure to reasonably accommodate the religious needs of the Muslim inmates during Ramadan. Plaintiff alleges that the prison administrator failed to distribute a memo allowing for special meal arrangements for the Muslim inmates during Ramadan. Finally, Plaintiff alleges he petitioned MacFarland for remediation. Here, construing Plaintiff's papers liberally, Plaintiff has alleged MacFarland was involved in and aware of the alleged harms. This is sufficient to state a claim against MacFarland. Accordingly, dismissal on this ground is inappropriate.

MacFarland argues next that the Complaint should be dismissed because being served cold meals does not rise to the level of a constitutional violation. This is too glib a

description of Plaintiff's grievances.  Plaintiff complains that the prison's denial of hot meals burdened his ability to practice his religious beliefs.  That allegation states a claim for violation of the First Amendment's right to freedom of religious exercise.  See, e.g., Makin v. Colorado Dep't of Corrs., 183 F.3d 1205 (10th Cir. 1999) (recognizing that denial of hot meals during Ramadan can state a First Amendment claim).  Plaintiff also complains that the prison further burdened the practice of his religious beliefs when it prevented him and other Muslim inmates from congregating for prayers.  This, too, states a claim under the First Amendment.  See, e.g., O'Lone v. Estate of Shabazz, 482 U.S. 342 (1987) (recognizing claim where Muslim inmates were denied right to congregate for prayers).  Finally, Plaintiff complains that Muslims are subjected to bigotry, harassment and discrimination.  This allegation, too, raises a claim under the Fourteenth Amendment's guarantee to equal protection under the law.  See, e.g., Bethel Baptist Church V. United States, 822 F.2d 1334, 1341 (3d Cir. 1987) (recognizing religious discrimination as violative of the right to equal protection).  It should be presumed that the state's attorney is not suggesting that state officials can discriminate against an inmate based on his religion.  Dismissal on this ground is inappropriate.

MacFarland's final argument is based on the statutory provisions of the PLRA, 42 U.S.C. § 1997e.  The relevant

7

provision of the PLRA provides, "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury . . . without a prior showing of physical injury." 42 U.S.C. § 1997e(e). MacFarland argues that this bars Plaintiff's mental anguish claim because he does not allege any physical injury. Indeed, Plaintiff does not allege he was physically injured or made ill. Accordingly, Plaintiff's claim for mental anguish is dismissed without prejudice.

Plaintiff may correct any deficiency in his pleadings by filing an Amended Complaint within thirty days of the entry of this Opinion and accompanying Order. Such amendment, if made in good faith, would not be futile. Nor would it be prejudicial to Defendant because Defendant has yet to file a responsive pleading to Plaintiff's Complaint. For that same reason, an amendment would not delay these proceedings any longer than they already have been by Plaintiff's two extensions. Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000) (stating that it is an abuse of discretion to dismiss without leave to amend where there is no delay, bad faith, futility, or prejudice).

Defendant shall file and serve on the Plaintiff an Answer within ten days of the entry of this Opinion and accompanying Order.

IV. Conclusion

    For the reasons above, Defendant's motion to dismiss Plaintiff's claims is denied.  Further, Plaintiff's claim for mental anguish is dismissed without prejudice.  Plaintiff is granted leave to amend his Complaint within thirty days of the entry of this Opinion and accompanying Order, to correct any deficiency in his claim for mental anguish only.


Date: February 13, 2007        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge