IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE
HONORABLE RENÉE MARIE BUMB

CRAIG BISHOP,                          :

        Plaintiff,                   :
                                 Civil No. 05-5532 (RMB)

   v.                                  :

NEW JERSEY DEPT. OF                    :
CORRECTIONS, et al.,
                      :

        Defendants.

## FINAL PRETRIAL ORDER

    The following Final Pretrial Order is entered based upon the memoranda submitted by the parties and the final pretrial conference held on July 30, 2008. This document shall constitute the Final Pretrial Order pursuant to Rule 16 of the Federal Rules of Civil Procedure and this Order shall govern the conduct of the trial of this case. **Amendments to this Order will be allowed only in exceptional circumstances to prevent manifest injustice.** See FED. R. CIV. P. 16(e).

APPEARANCES:

For Plaintiff:          Craig Bishop, a/k/a Shakir Salaam, *Pro Se*

For Defendant:          Keith S. Massey, Jr., Esq.

1.   NATURE OF THE ACTION AND JURISDICTION OF THE COURT:

    This is an action brought by Plaintiff *Pro Se*, Craig Bishop a/k/a Shakir Salaam, pursuant to the First and Fourteenth Amendments of the United States Constitution. Jurisdiction is allegedly conferred upon this Court by 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

    Plaintiff generally alleges that Defendant, as Administrator of South Woods State Prison ("SWSP"), violated Plaintiff's right to religious freedom under the First Amendment of the United States

Constitution by allowing cold meals to be served to Muslim inmates during the Muslim holy month of Ramadan in October 2005.

2.   FACTUAL CONTENTIONS OF PLAINTIFF:

The Pretrial Memorandum of Plaintiff is attached hereto as Exhibit "A."

Plaintiff alleges that Defendant MacFarland is responsible for the alleged violation of Plaintiff's constitutional rights. Specifically, Plaintiff contends that in October 2005, during Ramadan, the Muslim population of Facility 2 in SWSP was served food at "unsafe" temperatures and was subjected to "religous [sic] hardship." See Plaintiff's Pretrial Memorandum (hereinafter, "Pl. Mem."), at 2, 4. Plaintiff alleges that Defendant was aware of these conditions but failed to take corrective action. Id. at 2. Plaintiff states that Defendant was in contact with the Imam, Dr. Yusuf, on a regular basis. Id. Plaintiff also contends that "the matter was very serious" and was "a matter of health and religion[.]" Id.

Plaintiff intends to prove the following contested facts at trial:

A.   Defendant, being the Administrator of South Woods State Prison, is responsible and liable for the violation of Plaintiff's constitutional rights, as well as the constitutional rights of other Muslim inmates in Facility 2 of SWSP, during Ramadan in 2005. Id. at 3.

B.   Defendant was notified by Plaintiff vis-a-vis request slips of the treatment of Muslims in Facility 2 of SWSP during Ramadan in 2005. Id.

C.   Defendant was also notified by the Imam, Dr. Yusuf, of the treatment of Muslims in Facility 2 of SWSP during Ramadan in 2005. Id.

D.   Defendant and her administration "always look after Jewish & Christian rites," but did not ensure that the religious rights of Muslims were observed. Id.

E.   Defendant is responsible for Plaintiff's "duressive stress, feeling of inferiority, pain and suffering," and religious discrimination. Id.

F.   Defendant is responsible for violating the First Amendment rights of Plaintiff and other Muslim inmates by serving "unhealthy" food and causing religious "hardship." Id. at 4.

3.   FACTUAL CONTENTIONS OF DEFENDANT:

The Pretrial Memorandum of Defendant is attached hereto as Exhibit "B."

Defendant alleges that, at all times relevant to this action, Plaintiff was an inmate confined at SWSP, and Defendant was, during the relevant period, Administrator of SWSP. See Defendant's Pretrial Memorandum (hereinafter, "Def. Mem."), at 2. Plaintiff is now released from SWSP on parole. Id.

Defendant asserts that in October 2005, she signed a memorandum outlining the policy for observation of the Ramadan fast during 2005. Id. The memorandum purportedly instructed that Ramadan meals were to be kept in a warmer until after sunset. Id. Defendant states that on October 6, 2005, Chaplain Richard Moyer at SWSP received an Inmate Request Form indicating that Ramadan meals were being served before sunset. Id. Defendant alleges that the Inmate Request Form was forwarded to Imam Dr. Salman Yusuff, the Muslim Chaplain at SWSP. Id. Defendant further alleges that Dr. Yusuff spoke to food services to ensure that meals would be kept in a warmer until sunset, as per the Ramadan memorandum. Id. According to Defendant, from October 6, 2005 until October 16, 2005, there were no further complaints about Ramadan meal service. Id. Defendant contends that on October 18, 2005, during Islamic Taleem Class, Imam Yusuff was informed that one officer was still serving meals prior to sunset. Id. Defendant alleges that Imam Yusuff, along with Sgt. Joel Taylor, approached the officer and provided him with a copy of the memorandum. Id. Thereafter, there were purportedly no complaints about cold meals. Id.

Defendant contends that Plaintiff suffered no physical harm as a result of the cold meals, and did not become ill. Id. Further, Defendant alleges that Plaintiff suffered no monetary loss. Id.

4.   ADMISSIONS AND STIPULATIONS:

Plaintiff does not provide any admissions. The following are the "facts" to which Plaintiff stipulates:

3

In October of 2005, the Muslim population of SWSP was observing Ramadan and underwent hardship as to their food being served at "unsafe" temperatures.  Pl. Mem., at 2. Defendant was aware of the situation but failed to make changes, although she was in touch with the Imam, Dr. Yusuf, on a regular basis.  Id.  The matter was very serious and was a matter of health and religion, and violated the constitutional rights of Plaintiff and the Muslim population observing Ramadan in Facility 2 of SWSP.

Defendant does not make any admissions.  Defendant stipulates "as to each of the assertions contained in the attached Statement of Facts." Def. Mem., at 2.

5.   STATEMENT OF DAMAGES CLAIMED:

Plaintiff seeks monetary damages, including court costs and attorney's fees, for the "duressive stress, feeling of inferiority, pain and suffering, [and] religous [sic] discrimination" Plaintiff has purportedly suffered. Pl. Mem., at 3.

Defendant makes no statement or stipulations as to damages. Def. Mem., at 3.

6.   AMENDMENTS TO THE PLEADINGS:

Plaintiff does not seek any amendments to the pleadings.

Defendant does not seek any amendments to the pleadings.

7.   STATEMENT OF LEGAL ISSUES PRESENTED:

Plaintiff states that the following legal issue is presented in this case:

Whether Plaintiff's rights under the First Amendment of the Constitution of the United States, which guarantees religious freedom, were violated during Ramadan in 2005 when Plaintiff was served unhealthy meals after fasting "all day," and the matter was not resolved for two weeks despite Defendant's knowledge of the situation.

4

Defendant states that the following legal issues are presented in this case:

A) Whether serving meals prior to sunset during Ramadan is sufficient to establish a violation of Plaintiff's rights under the First Amendment.

B) Whether Defendant had any personal involvement in the alleged violation of Plaintiff's rights sufficient to state a claim.

C) Whether Plaintiff's civil rights were violated.

8. <u>LEGAL ISSUES OR DEFENSES TO BE ABANDONED</u>:

None.

9. <u>EXHIBITS</u>:

a. <u>Plaintiff's Exhibits</u>:

Plaintiff does not list any exhibits.  At the Final Pretrial Conference on July 30, 2008, Plaintiff stated he had no objection to Defendant's exhibits listed below.

b. <u>Defendant's Exhibits</u>

1) Inmate Face Sheet and Progress Notes of Inmate Craig Bishop, #500542/SBI #921712B.
2) Inmate Request, Interview, and Administrative Remedy forms filed by Plaintiff in relation to this incident.
3) Ramadan Memorandum from Defendant.
4) Classification file of Plaintiff.
5) Such other documents as continuing discovery shall reveal.

10. <u>ADDITIONAL DISCOVERY</u>:

Plaintiff does not identify any additional discovery that is needed in this case.

Defendant indicates no further discovery is needed in this case.

11.  <u>MOTIONS</u>:

Plaintiff does not identify any motions that he anticipates filing.

Defendant states in her Pretrial Memorandum that she reserves the right to file a motion for summary judgment. During the Final Pretrial Conference on July 30, 2008, Defendant made an oral application to file a dispositive motion. The Court denied without prejudice Defendant's oral application for leave to file a dispositive motion.

12.  <u>WITNESSES</u>:

    a.  <u>Plaintiff's Fact Witnesses</u>

        1.  Plaintiff. Plaintiff indicated during the Final Pretrial Conference on July 30, 2008 that he intends to call himself as a fact witness.

        2.  Dr. Salman Yusef. Plaintiff contends that Dr. Yusef will testify with respect to Defendant's liability and Plaintiff's damages. Plaintiff states that Dr. Yusef will specifically testify that the Muslim community of SWSP was treated with disregard of the First Amendment during Ramadan in 2005, and that Defendant is responsible for such treatment.

Defense counsel stated during the Final Pretrial Conference that Defendant has no objection to Plaintiff's witnesses.

    b.  <u>Plaintiff's Expert Witnesses</u>

Plaintiff asserts that he will not call any expert witnesses at trial.

    c.  <u>Defendant's Fact Witnesses</u>

        1)  Witnesses to authenticate exhibits

2)    Administrator Kathryn MacFarland
3)    Imam Dr. Salman Yusuff
4)    Chaplain Richard Moyer
5)    Mark Romano
6)    Senior Corrections Officer O. Ernest
7)    Sergeant Joel Taylor
8)    Such other witnesses as continuing discovery shall reveal.

### d.    Defendant's Expert Witnesses

None, but Defendant reserves the right to retain an expert witness should Plaintiff retain one of his own.

## 13.    ESTIMATED LENGTH OF TRIAL AND TRIAL DATE:

Plaintiff makes no estimate as to the length of trial. Defendant estimates that the length of trial will be three days. The parties will be notified by the Chambers of the Honorable Renée Marie Bumb of the date for commencement of trial.

Any inquiries regarding the exact status of this case on the trial list may be directed in writing to the Honorable Renée Marie Bumb, with a copy to her Courtroom Deputy (whose address is the same as Judge Bumb's) in the following manner:

> Honorable Renée Marie Bumb
> Mitchell H. Cohen United States Courthouse
> One John F. Gerry Plaza
> Fourth & Cooper Streets
> Camden, New Jersey  08101

All communications should bear the name of the case.

## 14.    PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW:

Due to Plaintiff's *pro se* status and the nature of the litigation, the Court hereby suspends the requirement for submission of proposed findings of fact and conclusions of law prior to trial.

7

15.   <u>TRIAL BRIEFS AND REQUESTS TO CHARGE</u>:

Trial briefs and requests to charge shall be submitted to Judge Bumb's Chambers at the above address, and served upon adverse parties **on or before the close of business seven (7) days before the trial date.**

16.   <u>OTHER MATTERS</u>:

a.   <u>Jury Demand</u>

Plaintiff requested a jury trial in his complaint.  Defendant demanded a jury trial in her answer to the complaint.

17.   <u>ATTENDANCE OF WITNESSES AT TRIAL</u>:

Each party is responsible for obtaining the appearance of its designated witnesses at trial.  If a party requires witnesses for trial who are unwilling to appear unless they are produced by the other party or served with a trial subpoena, the following procedure shall be followed.

First, the party shall ask the opposing party whether such opposing party intends to produce a specific witness at trial and, if so, whether the opposing party would agree to make the witness available for their presentation at trial.  If such an arrangement is acceptable, it shall be confirmed in writing by the parties, who will thereby agree to produce the specific witnesses.

Second, if the witness will not be made available by the opposing party, and if the witness is unwilling to appear at the party's request, then it will be necessary for the party to obtain the attendance of the witness by trial subpoena.  If a party is unable to tender the witness fee and travel fee required by Rule 45(c) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1821 (b) and (c), then it will be necessary for the party to file a motion seeking the issuance of service of the subpoena without the tendering of such fees.  Such a motion must be filed and served **not less than thirty (30) days before trial.**  With respect to each such proposed witness, the party shall specifically certify by affidavit: (1) that the party has attempted to procure the trial witness' appearance voluntarily or through cooperation of defense counsel without success and that issuance of a trial subpoena is necessary; (2) that the attendance of the witness is necessary to a fair presentation of the party's case, as demonstrated by a statement giving the proposed testimony of the witness and its

importance to the party's case; (3) the identification of the witness whose testimony is desired including full name and address (residence and usual place of business, if known); (4) if the proposed witness is incarcerated, the prisoner locator number if known, in addition to all the above information; and (5) in every case, the reasons why the party is unable to tender the necessary witness fee and travel expense, and whether the party is able to obtain the assistance of a person to serve the subpoena who is not a party and who is not less than 18 years of age.  Upon such motion, duly filed and served, the court will determine whether the requested trial subpoena should be issued without prepayment of the fees and whether the party or the United States Marshal shall be responsible for making service.

s/ Ann Marie Donio
ANN MARIE DONIO
United States Magistrate Judge

Dated: August 4, 2008

cc:  Honorable Renée Marie Bumb
     Arthur Roney, Courtroom Deputy
     Craig Bishop a/k/a Shakir Salaam
     Keith S. Massey, Jr., Esq.

9

# Exhibit A

In The United States
District court for the
District of New Jersey
Camden Vicinage
Honorable Judge A.M. Donio

Plaintiff - Shakir Salaam (AKA Craig Bishop)

VS

Defendant - Cathy McFarland - Civil No. 05-553

Joint Final Pre trial order [Jury]

Appearances:

Plaintiff has no people for
Appearances scheduled

Part 1. Jurisdiction & Brief summary
The court has jurisdiction over
this matter, under the First Amendment
freedom of religion. Defendant is
responsible and liable for plaintiffs
constitutional rights being violated.

2

Part 2 - Stipulated Facts

In october of 2005 the Muslim population was observing Ramadan, and underwent hardship as to their food being served to them at unsafe tempatures, Defendant was aware of the situation & failed to change the situation although she was in touch with the Imam Dr. Yusuf on a regular Basis, the matter was very serious and was a matter of health & religion and violated constitional rights of myself & the Muslim population observing ramadan in facility 2 of South woods State prison.

3

Part 3.    Plaintiffs contested facts
1. Plaintiff intends to prove the following contested
                facts with regard to liability
Ms. McFarland being the Adminis-
trator of South Woods State Prison
is responsible and liable for the
violation on mine and the other Muslims
in Phase 2 of South Woods State
prison during Ramadan of 2005.
    She was notified not only by me
through request slips but also
by our Imam Dr. Yusuf And she
did'nt insure our religous rights
were looked after during our
holy month, as she and her
Administration always look after
Jewish & Christian rites.

2. Plaintiff intends to prove the following
contested facts with regard to Damages

Ms. McFarland is responsible for
my duressive stress feeling of inferiority,
Pain & suffering religous discrimination
and she should pay monetary Damages
& pay for all court & Attorney fees.
She is responsible for mine And the

4

other muslim's who's rights under the Fist Amendment by serving us unhealthy Food & caused us religous hardship.

Part 4.   N/A

Part 5.   Plaintiffs witness and summary of their testamony

1. Plaintiff intends to call the following witnesses with regard to liability and anticipates they will testify as follow's.

Dr. Salman Yusef
215 S. Burlington Rd.
Bridgeton, N.J.

Dr. Yusef will Testify that the muslim community were treated with disregard of the 1st Amendment during ramadan of 2005 in South Woods Facility 2. which Ms. Mcfarland Is responsible for.

5.

2. Plaintiff intends to call
the following witnesses
with regards to damages and
anticipates they will testify as
Follows.

          Dr. Salman Yusef
      215 S. Burlington Rd
      Bridgeton N.J.

     Dr. Yusef will testify
that the muslims constitutional
rights were violated for
which ms. Mcfarland is responsible
for & I'm sure the court will
see such.

     Part 6. Plaintiff has no
Expert witness to call and
has no objection to defendants
Expert witnesses.

     Part 7. Plaintiff has no Exhibits
to display

6.

Part 8. Law

1. Plaintiffs Statement of the legal issues in this Case:

Under the First Amendment of the constitution of the United States Citizens are guaranteed religious Freedom and During Ramadan observed in 2005 at South woods state Prison Plaintiff's First Amendment right was abused by being served unhealthy meals after fasting all day and the matter wasn't resolved for 2 weeks even though Ms. McFarland was made aware.

Part 9. Miscellanneous

N/A at this time

Part 10. N/A

7

# Concluding Certification

W hereby certify by the Affixing of our signature to this final pretrial order that reflects the efforts of all counsel and that we have carefully and completely reviewed all parts of this order prior to its submission to the court. Further, it is acknowledged that Amendments to this joint final pretrial order will not be permitted except where the court determines that manifest injustice would result if the Amendment is not allowed

Attorney For Plaintiff

Shakir Saloran

Pro-Se

**Exhibit B**

ANNE MILGRAM
ATTORNEY GENERAL OF NEW JERSEY
R. J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ  08625-0112
Attorney for Kathryn MacFarland

By:  Keith S. Massey, Jr.
     Deputy Attorney General
     (609) 633-8687
     KM 2900

                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
                       VICINAGE OF CAMDEN


CRAIG BISHOP,              :    HON. RENEE M. BUMB, U.S.D.J.

      Plaintiff,           :    Civil Action No. 05-5532 (RMB)

v.                         :    PROPOSED PRETRIAL ORDER ON BEHALF
                                OF DEFENDANT KATHRYN MACFARLAND
KATHRYN MACFARLAND,        :
et al.,
                           :
      Defendants.
                           :
_____


         Defendant Kathryn MacFarland, respectfully submits the

following proposed Pretrial Order.


1.   Nature of Action/Jurisdiction:

     Plaintiff alleges that the defendant, as Administrator of
     South Woods State Prison, violated his right to religious
     freedom under the First Amendment of the United States
     Constitution by allowing cold meals to be served to
     Muslim inmates during the Muslim holy month of Ramadan in
     October, 2005.

     Jurisdiction in this Court is predicated upon 28 U.S.C.
     § 1331 and 42 U.S.C. § 1983.

2.   Factual Contentions:

1.   At all times relevant to this action, plaintiff was an inmate confined at South Woods State Prison in Bridgeton, New Jersey.   Plaintiff has now been released on parole.   Defendant MacFarland was, during the relevant period, Administrator of South Woods State Prison.

2.   In October, 2005, Administrator MacFarland signed a memorandum outlining the policy for observation of the Ramadan fast during 2005.   That memorandum instructed that Ramandan meals were to be kept in a warmer until after sunset.

3.   On October 6, 2005, Chaplain Richard Moyer at South Woods received an Inmate Request Form that indicated Ramadan meals were being served before sunset.   He forwarded this form to Imam Dr. Salman Yusuff, the Muslim Chaplain at South Woods.

4.   Imam Yusuff spoke to food services to ensure that meals would be kept in a warmer until sunset, as per the Ramadan memorandum.   From October 6, 2005 to October 16, 2005, there were no further complaints about Ramadan meal service.

5.   On October 18, 2005, during Islamic Taleem Class, Imam Yusuff was informed that one officer was serving meals prior to sunset.   Imam Yusuff, along with Sgt. Joel Taylor, approached the officer and provided him with a copy of the memorandum. Thereafter, there were no complaints about cold meals.

6.   Plaintiff suffered no physical harm as a result of the cold meals, and did not become ill.   He also suffered no monetary loss.


3.   Admissions and Stipulations:

A.   Admissions:

None.

B.   Stipulations:

State Defendants will stipulate as to each of the assertions contained in the attached Statement of Facts.


4.   Statement of Damages:

Not applicable as to State Defendants.  No Stipulations thereto.

5.  <u>Statement of Desired Amendments to Pleadings</u>:

None.

6.  <u>Statement of Legal Issues</u>:

a.  Whether serving meals prior to sunset during Ramadan is sufficient to establish a violation of plaintiff's rights under the First Amendment.

b.  Whether Administrator MacFarland had any personal involvement in the alleged violation of plaintiff's rights sufficient to state a claim.

c.  Whether plaintiff's civil rights were violated.

7.  <u>Statement of Legal Issues or Defenses to be Abandoned</u>:

None.

8.  <u>List of Exhibits</u>:

1.  Inmate Face Sheet and Progress Notes of Inmate Craig Bishop, #500542/SBI #921712B.

2.  Inmate Request, Interview, and Administrative Remedy forms filed by Inmate Bishop in relation to this incident.

3.  Ramadan Memorandum from Administrator MacFarland.

4.  Classification file of Inmate Craig Bishop.

5.  Such other documents as continuing discovery shall reveal.

9.  <u>Additional Discovery</u>:

None.

10.  <u>Additional Motions</u>:

State Defendants reserve the right to file a motion for summary judgment.

11.  Expert Witnesses:

    None anticipated by State Defendants at this time.  The
State Defendants reserve the right to retain an expert
should Plaintiff retain one of his own.

12.  Fact Witnesses:

    a.  Witnesses to authenticate exhibits

    b.  Administrator Kathryn MacFarland

    c.  Imam Dr. Salman Yusuff

    d.  Chaplain Richard Moyer

    e.  Mark Romano

    f.  Senior Corrections Officer O. Ernest

    g.  Sergeant Joel Taylor

    h.  Such other witnesses as continuing discovery shall
reveal.

13.  Estimated Length of Trial:

    3 days. (2 days facts, 1 day damages).


            Respectfully Submitted,

            ANNE MILGRAM
            ATTORNEY GENERAL OF NEW JERSEY


    By:    s/ Keith S. Massey, Jr.
            Keith S. Massey, Jr.
            Deputy Attorney General

DATED: July 22, 2008