NOT FOR PUBLICATION                                          [Docket No. 43]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

---

CRAIG BISHOP.

           Plaintiff,

    v.                                    Civil No. 05-5532(RMB)

KATHY MCFARLAND,                          **OPINION**

           Defendant.

---

APPEARANCES:

Craig Bishop
820-G North Virginia Avenue
Atlantic City, New Jersey 08401
609-665-6401
    Pro Se Plaintiff

Susan Marie Scott, Esquire
Office of the New Jersey Attorney General
Department of Law & Public Safety - Division of Law
P. O. Box 112
Trenton , New Jersey 08625
(609) 633-8687
    Attorney for Defendant

**BUMB**, United States District Judge:

I.   **Introduction**

    This matter comes before the Court upon Defendant Kathy McFarland's motion for leave to file a motion for summary judgment out of time.

    On November 22, 2005, Plaintiff Craig Bishop filed a

1

complaint against the New Jersey Department of Corrections ("NJDOC"), Southwoods State Prison, and Administrator Kathy McFarland pursuant to 42 U.S.C. § 1983, for alleged violations of Plaintiff's First and Fourteenth Amendment rights.  [Dkt. No. 1]. On April 10, 2006, the Honorable Jerome Simandle entered an Order dismissing Plaintiff's Complaint as against the NJDOC and Southwoods State Prison, but allowing the Complaint to proceed as against Kathy McFarland ("Defendant").  [Dkt. No. 2].

Following a lengthy period of pleadings, extensions of time, and judicial reassignment, the Honorable Ann Marie Donio issued a Scheduling Order on November 13, 2007, in which she ordered the following:

> 1. **Dispositive motions.**  Any motion for summary judgment shall be filed with the Clerk of the Court no later than **December 13, 2007**.
>
> 2.  Any application for an extension of time beyond the deadlines set herein shall be made in writing ... prior to expiration of the period sought to be extended, and shall disclose in the application ... the precise reasons necessitating the application showing good cause under Fed. R. Civ. P. 16(b)...  The schedule set herein will not be extended unless good cause is shown.

[Dkt. No. 24 at 1].

At the final pretrial conference held on July 30, 2008, Defendant's counsel, Keith Massey, Jr., made an oral application for leave to file a dispositive motion out of time.  [Dkt. No. 32].  Judge Donio denied this application without prejudice, explaining that such request must be made in writing.  [Id.].

Apparently, Mr. Massey abandoned the effort to file a dispositive motion out of time, as he never filed a written request but, rather, proceeded to file proposed jury instructions on September 8, 2008, in preparation for trial. [Dkt. No. 37]. Indeed, Mr. Massey made no mention of any desire to file a dispositive motion during the subsequent status conferences held on September 16 and October 7, 2008. [Dkt. Nos. 39, 40]. To the contrary, Mr. Massey indicated to the Court that the parties were ready for trial. The original trial date of September 15, 2008, was postponed to November 17, 2008. [Dkt. No. 39].

On October 24, 2008, a substitution of attorney was entered on behalf of Defendant in which Mr. Massey was replaced by Susan Marie Scott. Three days later, on October 27, 2008, Ms. Scott filed a motion for leave to file a motion for summary judgment out of time. [Dkt. No. 43].

II. **Discussion**

Under the Federal Rules of Civil Procedure, this Court has discretion in determining whether to extend deadlines, such as the one at issue in this case:

> when an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b). Thus, in order to file a dispositive motion out of time, Defendant must show "excusable neglect."

In determining whether a party has demonstrated excusable neglect, the Court must consider the following five factors:

> 1) whether the inadvertence reflected professional incompetence such as ignorance of rules of procedure; 2) whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court; 3) counsel's failure to provide for a readily foreseeable consequence; 4) a complete lack of diligence; or 5) whether the inadvertence resulted despite counsel's substantial good faith efforts towards compliance.

Dominic v. Hess Oil V.I. Corp., 841 F.2d 513, 517 (3d Cir. 1988). The Supreme Court has explained that the "excusable neglect" inquiry is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including, "the danger of prejudice to the [other party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 395 (1993).

In this case, Defendant has not shown excusable neglect. Indeed, Defendant's request to file a motion for summary judgment out of time focuses on the merits underlying a potential summary judgment motion and offers nothing to show excusable neglect. [Dkt. 43].  While the Court recognizes that Ms. Scott was not Defendant's attorney until a few days ago, unfortunately, this late substitution of attorney does not excuse the failure of

4

Defendant's prior counsel to pursue his request to file a dispositive motion out of time.  The record shows that when Judge Donio denied (without prejudice) Mr. Massey's oral application to file a dispositive motion out of time, Mr. Massey failed to follow up his efforts by submitting a written request.  In this Court's view, Mr. Massey's failure to pursue his request by filing a written submission does not constitute "inadvertence despite good faith efforts towards compliance" but, rather, a "complete lack of diligence."  See Hess, 841 F. 2d at 517.

In addition, the Court finds that allowing Defendant to file a motion for summary judgment at this late date would inordinately prejudice Plaintiff, who has prepared to go to trial and is expecting to do so in less than three weeks.

**III. Conclusion**

Accordingly, for the above reasons, Defendant's motion for leave to file a motion for summary judgment out of time is hereby denied.  An accompanying Order shall issue this date.

Dated:  October 28, 2008         s/Renée Marie Bumb
                                 RENÉE MARIE BUMB
                                 UNITED STATES DISTRICT JUDGE